UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LORENZO SANDOVAL, on behalf of himself and
all other persons similarly situated,

                              Plaintiff,

      -against-

SUNRISE CAR WASH and NICHOLAS CAPPARELLI,
individually,

                              Defendants.
------------------------------------------------------------------------X

**COMPLAINT**

      Plaintiff, LORENZO SANDOVAL ("Plaintiff"), on behalf of himself and on behalf of all

other persons similarly situated, by and through his attorneys, the Law Office of Peter A. Romero

PLLC, complaining of the Defendants, allege as follows:

## <u>NATURE OF THE ACTION</u>

      1.      Plaintiff brings this action against his former employer, Defendant, SUNRISE CAR

WASH, and its principal owner, NICHOLAS CAPPARELLI ("CAPPARELLI") to recover unpaid

minimum and overtime wages that Defendants owe him and similarly situated current and former

employees of under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), and the New

York Labor Law Articles 6 and 19, §650 et seq., and the supporting New York State Department

of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL").

## <u>JURISDICTION AND VENUE</u>

      2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337

and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

      3.      In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA

pursuant to 29 U.S.C. §216(b).

4.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391.

**PARTIES**

5.     At all times relevant to the complaint, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

6.     Upon information and belief, Defendant, SUNRISE CAR WASH, was and still is domestic business corporation organized and existing pursuant to the laws of the State of New York and maintains a place of business at 1820 Sunrise Highway, Merrick, New York..

7.     At all times relevant, Defendant, SUNRISE CAR WASH, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

8.     At all relevant times, Defendant, SUNRISE CAR WASH, was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.  Defendant's employees were engaged in the cleaning and detailing of motor vehicles and used tools, brushes, soaps, solvents, polishes, waxes, equipment and other materials, many of which originated in states other than New York.

9.     At all times relevant, Defendant, CAPPARELLI, was and still is the President or Chief Executive Officer of SUNRISE CAR WASH, has/had authority to make payroll and personnel decisions for SUNRISE CAR WASH, was and still is active in the day to day management of SUNRISE CAR WASH, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff

10.     At all times relevant, Defendant, CAPPARELLI, was and still is an "employer" within the meaning of federal and state wage and hour laws.

## FACTS

11.     Plaintiff worked as a car wash attendant and performed non-exempt duties for Defendants from in or about 2016 until in or March 15, 2020.

12.     Plaintiff regularly from 8:00 a.m. to 6:00 p.m., 6 days per week.  Plaintiff's regular day off was Tuesday.

13.     Throughout his employment with Defendants, Plaintiff regularly worked in excess of 40 hours in a workweek.  Plaintiff and other similarly situated car wash attendants worked more than 40 hours in most workweeks in which they were employed by the Defendants but were not paid overtime pay at the rate of one and one-half times their regular rate of pay.

14.     Defendants failed to pay Plaintiff and other similarly situated car wash attendants a premium for time worked in excess of forty (40) hours per week throughout the entire term of Plaintiff's employment with the Defendants.

15.     Defendants paid Plaintiff at an hourly rate that fell below the New York State statutory minimum rate of pay.

16.     Throughout his employment with Defendants, Plaintiff often regularly worked a workday that was longer than 10 hours from its start to its finish including breaks.

17.     Defendants failed to pay Plaintiff and other similarly situated employees an additional hour's pay at the statutory minimum rate for each day that they worked a workday longer than 10 hours.

18.    Defendants paid Plaintiff and other similarly situated employees at times, wholly or partially in cash, without providing an accurate indication as to their rate of pay, the hours worked each day, and the total number of hours worked each week.

19.    Defendants had control over the conditions of Plaintiff's employment, work schedule, the rates and methods of payment of Plaintiff's wages and the maintenance of his employment records.

20.    Defendants claimed a tip credit toward their state minimum wage obligation for Plaintiff and other similarly situated car wash attendants.

21.    Defendants failed to provide Plaintiff and other similarly situated car wash attendants with written notice that they were claiming a tip credit toward the statutory minimum wage.  Plaintiff and other similarly situated car wash attendants did not receive any notice as to the amount of tip credit allowance taken for each payment period during their employment with Defendants.

22.    Defendants failed to pay Plaintiffs and other similarly situated car wash attendants at least the state minimum wage for all hours worked.

23.    Defendants failed to keep track of the tips received by Plaintiff and other similarly situated car wash attendants and failed to maintain records required by the FLSA and NYLL.

24.    Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the hours worked by and wages paid to Plaintiffs.

25.    Defendants failed to provide written notice to Plaintiff and other similarly situated car wash attendants upon hire of their rate of pay; basis of their rate of pay; the regular pay day;

the name, address and telephone number of the employer; and other information required by Section 195(1) of the New York State Labor Law.

26.     Defendants failed to furnish Plaintiff and other similarly situated car wash attendants accurate written statements of their wages each pay period as required by Section 195(3) of the New York State Labor Law.

## COLLECTIVE ACTION ALLEGATIONS

27.     At all times relevant, Plaintiffs and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

28.     Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiffs, who have been underpaid in violation of the FLSA.  The named Plaintiff is representative of those other workers and are acting on behalf of the Defendants' current and former employees' interests as well as their own interest in in bringing this action.

29.     Plaintiffs seek to proceed as a collective action with regard to the First Claim and Second Claim for Relief, pursuant to 29 U.S.C. §216(b) on behalf of themselves and the following similarly situated employees:

> All persons who are currently, or have been employed by the Defendants, at any time during the three (3) years prior to the filing of their respective consent forms, who worked as car wash attendants.

30.     The First and Second Claim for Relief are properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names

and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. §216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

31.     Plaintiff, on behalf of himself and the FLSA Collective, alleges and incorporates by reference all allegations in all preceding paragraphs.

32.     Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to pay the Plaintiffs a premium for the hours they worked in excess of forty (40) hours per week in violation of the FLSA.

33.     Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional. Therefore, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

34.     As a result of Defendants' unlawful acts, Plaintiffs are entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW: MINIMUM WAGES

35.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

36.    Defendants employed Plaintiff and willfully failed to pay Plaintiff the minimum wage for all hours worked in violation of the NYLL.

37.    Plaintiff has incurred damages and Defendants are indebted to Plaintiff in the amount of the unpaid minimum wages due, together with liquidated damages and interest, and attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF
## NEW YORK LABOR: OVERTIME WAGES

38.    Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

39.    Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to pay the Plaintiff overtime pay for the hours they worked in excess of forty (40) hours per week in violation of New York Labor Law.

40.    Defendants willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

41.    Due to Defendants' violations of the New York Labor Law, Plaintiff is entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FOURTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW: SPREAD-OF-HOURS PAY

42.    Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

43.     Defendants willfully failed to pay Plaintiff one additional hours' pay at the basic minimum wage rate for each day the spread of hours exceeded ten in violation of New York Labor Law 650 et seq. and 12 NYCRR §142-2.4.

44.     Plaintiff is entitled to recover unpaid wages, liquidated damages, statutory interest and attorneys' fees and costs.

## FIFTH CLAIM FOR RELIEF
## WAGE NOTICE VIOLATION

45.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

46.     Defendants failed to provide Plaintiff with notice of his rate of pay; the basis of the rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by Section 195(1) of the Labor Law.

47.     Defendants are liable to Plaintiff for statutory damages of $5,000.

## SIXTH CLAIM FOR RELIEF
## WAGE STATEMENT VIOLATION

48.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

49.     Defendants failed to furnish Plaintiff with a written statement of his wages each pay period as required by Section 195(3) of the Labor Law.

50.     Defendants are liable to Plaintiff for statutory damages in the amount of $5,000.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i.)     Certification of this case as a collective action pursuant to 29 U.S.C. §216(b);

8

(ii.)    Unpaid minimum wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(iii.)   Unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(iv.)    Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

(v.)     Unpaid minimum wages, overtime and spread-of-hours pay pursuant to New York Labor Law, Article 19, §§650 et seq., and the supporting New York State Department of Labor Regulations, plus liquidated damages and pre- and post-Judgment interest;

(vi.)    Damages pursuant to New York State Labor Law §198;

(vii.)   All attorneys' fees and costs incurred in prosecuting these claims; and

(viii.)  Such other relief as this Court deems just and proper.

Dated:  Hauppauge, New York
        October 12, 2020

                        LAW OFFICE OF PETER A. ROMERO PLLC

            By:    */s Peter A. Romero*
                   _____
                   Peter A. Romero, Esq.
                   825 Veterans Highway Suite B
                   Hauppauge, New York 11788
                   Tel. (631) 257-5588
                   promero@romerolawny.com

                   *Attorneys for Plaintiff*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Sunrise Car Wash, to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case. This has been read to me in my native language Spanish.

_____
Lorenzo Sandoval

_____09/14/20_____
Date